Wardlaw, Ch.,
delivered the opinion of the Court.
The reasoning and authority by which the Chancellor has been conducted to the conclusion, that the defendant did not invest the fund in question in conformity to the order of the Court, are so satisfactory, that additional observations would add little to their strength. But in determining the extent of defendant’s liability, the decree does not seem to carry out fully its own principles. To secure the faithful execution of his duties, by the officer having charge of the funds in the custody of the Court, it is indispensable that he should be held to such strict accountability, as will disable him from making profit, by mixing private affairs with his official functions. To remove all temptation to the officer to engage in private speculations with trust funds, we must declare all such transactions to be unlawful. This is a rule, founded on policy, and of general application, and not depending upon the fairness or fraud of particular transactions. A trustee to sell, is forbidden to purchase at his own sale, however full may be the price he offers, and however frank and honest may be his conduct; and so a trustee to lend, shall not make the loan to himself, nor in lending to another, substitute his own ‘rights and credits’ for the trust money. Without meaning to impeach the honesty of the defendant in this case, it is proper to suggest, that an officer might be too readily in *118 duced to lend fifteen hundred dollars of the funds of the Court, upon insufficient security, if, in the process, the temptation be offered to him that he may cotemporaneously collect his own debt for $1000 from the borrower. One great purpose of establishing, as a rule, that such transactions are unlawful, is to avoid the necessity of inquiry into the circumstances of particular cases. The opportunities of evasion, and the difficulty of scrutiny,. are so great, that an inflexible rule on the subject is a matter of necessity. If the officer will mingle his private affairs with his official functions, he shall do it at the hazard of indemnifying suffering parties to the full extent of their loss.
It is manifest in this case, that full justice cannot be done to the plaintiffs, by fixing the liability of defendant at any sum short of the whole amount of the fund he was directed to invest. The defendant states in his answer, that he does not remember, and has no means of ascertaining, the precise amount of the borrower’s debt to him, but that it was something over one thousand dollars. The debt, then, was more than one thousand dollars, and why should defendant’s liability be limited to that sum, or any other less than the whole amount of the fund? The impossibility of ascertaining precisely the sum, and all the confusion on the subject, have been produced by the official misconduct of the defendant, and he must pay the penalty.
On the defendant’s third ground of appeal, it has been suggested to the Court, that by the original order of the Chancellor, directing the sale of the estate,- the proceeds of which constitute the fund in question, one-half of the interest of the fund was to be appropriated to the payment of certain debts- of Mulligan, until they were extinguished, and the other half only to be appropriated for the use of the plaintiffs. If this be so, one-half of the interest of the fund must be applied to the creditors, protected by the original order, and one-half to the use of the plaintiffs, until the interest lawfully accruing, would extinguish the debts, and afterwards the whole interest be applied to the use of the plaintiffs ; all proper payments of interest being allowed.
*119 It is ordered and decreed, that the defendant account with the plaintiffs, before the Commissioner of this Court, for one thous- and five hundred and eighty-eight dollars and seventy-seven cents, and the interest thereon from June, 1837, on.the principles of this decree ; and that the circuit decree be modified accordingly.
JohnstoN, Dunkin and Dargan, CC., concurred.

Decree modified.